UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRIS GANT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1775 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court are Defendant's and Plaintiff's Motions for Summary Judgment (Docs. 14, 30), Motion To Expunge Lis Pendens and Request for Oral Hearing (Doc. 44), Motion for Leave to File Amended Complaint (Doc. 16), and Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 17). Having considered the motions, responses, replies, the facts in the record, and the applicable law, the Court concludes Defendant's Motion for Summary Judgment and Motion to Expunge Lis Pendens should be granted.

### I.   Background

This case involves the foreclosure of real property located at 4821 E. NASA Parkway, Unit 8 SE, Seabrook, Texas ("the Property"). The Property is a condominium and is subject to mandatory membership in Endeavour Condominium Association ("Association"), a condominium owner's association. On April 16, 2008, Carol O'Brien purchased the Property. O'Brien obtained a mortgage loan payable to Avelo Mortgage, LLC dba Senderra Funding ("Senderra"), secured by a Deed of Trust granted to Mortgage Electronic Registration Systems ("MERS") as nominee for the lender and noteholder, Senderra. Docs. 14-1, 14-2. On April 23, 2008, the Deed of Trust was recorded in the real property records of Harris County, Texas under

File No. 20080203205. Senderra indorsed the note to Goldman Sachs Mortgage Company. Wells Fargo Bank, N.A., as attorney-in-fact for Goldman Sachs Mortgage Company, indorsed the note to Wells Fargo Bank, N.A. Doc. 14-1 at 3. On July 21, 2011, MERS executed an assignment of the Deed of Trust, conveying MERS's rights under the deed to Wells Fargo Bank, N.A. Doc. 14-3.

On April 14, 2011, Wells Fargo sent O'Brien a Notice of Acceleration and Notice of Sale because she had defaulted under the Note and Deed of Trust, notifying O'Brien that Wells Fargo would foreclose on the Property on June 7, 2011. Doc. 14-4. The foreclosure sale did not occur.

On September 6, 2011, in accordance with its Declaration of Condominium ("Declaration"), the Association foreclosed on the Property for past-due Association fees. The Declaration imposed assessments on the owner of each unit and reserved a lien on each unit in favor of the Association to secure payment of all assessments. The Declaration's terms provide that the lien for any assessment shall be "subordinate, secondary and inferior . . . [to] any first mortgage . . . and [to] all liens securing any loan made to a purchaser for any part of the purchase price of any unit if the unit it purchased from [the developer]." Doc. 14-5 at 35. The Association was the highest bidder at the foreclosure sale. On September 27, 2011, the Trustee recorded the Trustee's Deed in Harris County real property records. Doc. 14-6.

On November 7, 2012, O'Brien filed for protection under Chapter 13 of the Bankruptcy Code under Case No. 12-38466-H1-13. Doc. 14-8. The bankruptcy filing imposed an automatic stay on actions to enforce liens on the Property, which prevented Wells Fargo from foreclosing on its lien and all other collection activity. 11 U.S.C. §362(a)(4). Wells Fargo filed a Notice of Appearance and Proof of Claim in O'Brien's bankruptcy proceedings. Doc. 15-6. On September 17, 2013, O'Brien filed a motion to modify her Chapter 13 Plan stating: "The plan is being

modified to allow debtor to surrender her interest in real property secured by Wells Fargo." Doc. 14-9 at 1. On October 15, 2013, the Bankruptcy Court confirmed O'Brien's Modified Chapter 13 Plan ("the Plan"). Doc. 14-10.

On October 24, 2013, the Association executed a warranty deed conveying the Property to Kris Gant. On October 28, 2013, Gant recorded the warranty deed in the real property records. Doc. 14-7. On June 17, 2014, Gant filed suit in the 61st District Court of Harris County, Texas for quiet title to the Property and for a declaration that Wells Fargo's Deed of Trust is void and unenforceable because it surpasses the statute of limitations. On June 24, 2014, Wells Fargo removed the case to this Court and filed a counterclaim. In its counterclaim, Wells Fargo seeks judicial foreclosure of its security interest, a declaration that it holds a valid and subsisting lien on the Property, and recovery of attorney's fees and costs.

On March 6, 2015, Wells Fargo filed a Motion to Expunge Lis Pendens pursuant to Section 12.0071 of the Texas Property Code on grounds that "[Gant's] pleading on which the notice is based does not contain a real property claim," and "[he] fails to establish by a preponderance of evidence the probable validity of the real property claim." Tex. Prop. Code Ann. § 12.0071(c). On March 27, 2015, Gant filed a response stating he was unopposed to the Motion to Expunge Lis Pendens.

**II.     Legal Standard**

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Initially the moving party bears the burden of identifying

evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49.

### III.   Discussion

#### A.   *Statute of Limitation*

The parties dispute whether the action is barred by the statute of limitations. The limitations period for a foreclosure or recovery of real property action is four years from the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035(a). In Gant's original complaint, he claims Wells Fargo's foreclosure action was barred by the statute of limitations because it was filed more than four years after O'Brien defaulted on her loan. An action to foreclose on a property with a mortgage loan that contains an optional acceleration clause accrues on the date a creditor issues a notice of acceleration and sale. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Wells Fargo issued a notice of acceleration and sale to O'Brien on April 14, 2011. As a result, the statute of limitations on Wells Fargo's action to foreclose expires on April 14, 2015. Therefore, this action is not barred by the statute of limitations.

#### B.   *Discharge of lien in bankruptcy*

A Chapter 13 bankruptcy plan may provide either (1) that "the holder of such claim retain the lien securing such claim until the earlier of the payment of the underlying debt determined

under nonbankruptcy law or discharge under section 1328," or (2) that "the debtor surrenders the property securing such claim to such holder." 11 U.S.C. § 1325(a)(5). Gant argues these two options are mutually exclusive, citing *In re Williams,* 168 F.3d 845, 847 (5th Cir. 1999) ("Although 11 U.S.C. § 102(5) states that '"or" is not exclusive,' it does not follow that Congress intended the word 'or' to create a fourth alternative."). Gant contends the requirement in the Plan that O'Brien surrender the Property to Wells Fargo extinguished its lien. *Williams* does not hold a requirement to surrender property to a lienholder extinguishes the rights of the lienholder to enforce the lien. Rather, *Williams* held a plan could not require the surrender of some collateral (a set of law books, a television, and a gold chain) and payment of the present or "cram down" value of the remaining collateral (a camera and a videocassette recorder). *Williams*, 168 F.3d at 846. Holding the Plan extinguished Wells Fargo's rights under the lien would require a presumption that lienholders such as Wells Fargo have agreed to forfeit their liens in exchange for the "surrender" of nonexistent interests, i.e. for nothing at all. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 594 (1935) ("No instance has been found, except under the Frazier-Lemke Act, of either a statute or decision compelling a mortgagee to relinquish the property to the mortgagor free of the lien unless the debt was paid in full."). Gant argues Wells Fargo should have objected to this presumed forfeiture during confirmation of the Plan. Doc. 30 at 6. Wells Fargo had no reason to object, however, since there is no authority for the proposition that the Plan constituted a forfeiture of its rights to enforce the lien. The Plan expressly states: "Upon confirmation of the Plan, the Debtor(s) immediately surrender and abandon the property and agree to immediately turn over and/or vacate the property, and *the lienholder(s) may take any action allowed under applicable law with respect to this property* without further order of

the Court." Doc. 14-9 at 7 (emphasis added). Gant does not provide any authority holding the bankruptcy court could not affirm Wells Fargo's lienholder rights under the Plan.

Gant also claims the Association took legal title of the Property from O'Brien when it foreclosed on the Property for past-due fees. As a result of this foreclosure, O'Brien could not have transferred legal title to Wells Fargo in accordance with the Plan. Doc. 15 at 9. Under Texas common law, however, a foreclosure by a junior lienholder does not terminate the interests held by a superior lienholder, and the successful bidder at a junior lien foreclosure sale takes title subject to the prior liens. *Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999). It is undisputed that Wells Fargo's lien is superior to the Association's lien. *See* Decl. of Condo. for Endeavour Condo., Doc. 14-5 at 35 (Association's liens "shall be subordinate, secondary and inferior to . . . any First Mortgage . . . and all liens securing any loan . . . made to a purchaser for any part of the purchase price of any Unit when such Unit is purchased from [the developer]"). Therefore, when Gant purchased the Property at the Association's foreclosure sale, the Property was encumbered by Wells Fargo's superior lien.

In regard to Wells Fargo's Motion to Expunge Lis Pendens, Gant states in his response he "is unopposed to the expunction of the Notice of Lis Pendens . . . on the basis that the Lis Pendens was not served on Wells Fargo within three days of filing the same." Doc. 47 at 1; *see* Tex. Prop. Code §12.007(d) ("No later than the third day after the date a person files a notice . . . the person must serve a copy of the notice on each party . . . who has an interest in the real property affected by the notice.").

**IV.     Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motions for Summary Judgment (Doc. 14) and to Expunge Lis Pendens (Doc. 44) are **GRANTED**, and

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 16), Motion for Extension of Time to Respond to Motion for Summary Judgment (Doc. 17), and Motion for Summary Judgment (Doc. 30) are **DENIED**.

SIGNED at Houston, Texas, this 15th day of July, 2015.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE